J-A04032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALEC J. TALLEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JIBREEL M. BETHEA | No. 1085 MDA 2017 |

Appeal from the Judgment Entered August 2, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): 2014-CV-8032-CV

BEFORE:  STABILE, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY RANSOM, J.:                **FILED MARCH 29, 2018**

Appellant, Alec J. Talley, appeals from the judgment entered August 2, 2017, following the entry of nonsuit in the instant negligence action.  We affirm.

We adopt the following statement of facts from the trial court opinion, which in turn is supported by the record.  **See** Trial Court Opinion (TCO), 6/9/17, at 1-4.  On September 7, 2012, Appellant was a passenger in a car with Eileen Kramer and Scott Rynearson.  The car was driven by Appellee Jibreel M. Bethea.  After Appellee pulled into a parking lot at the Penn State Harrisburg campus in Harrisburg, Pennsylvania, Appellant and Mr. Rynearson exited the car.  Appellee began to drive forward across the parking lot to another part of campus.

_____

\*  Retired Senior Judge assigned to the Superior Court.

Shortly after driving away, Ms. Kramer[1] heard banging on the back of the car and noticed for the first time that Appellant was on the back of the vehicle. Ms. Kramer immediately told Appellee to stop, and although he obeyed, Appellant had already fallen from the car. Appellee and Ms. Kramer parked and exited the car. They found Appellant bleeding on the ground and called 911. Prior to hearing the knock, Ms. Kramer did not know Appellant was on the car and did not see him get onto the car.

No one testified regarding the events immediately preceding the accident.[2] As a result of Appellant's traumatic brain injury, he has no recollection of the incident, and could not testify as to how he got onto the car, where on the exterior of the car he was sitting, why he had gotten onto the car, and how long he was on the car prior to falling. Appellant suffers from permanent memory issues, a loss of his sense of smell, some hearing damage, and was unable to enlist in the United States Marine Corps, as was his intention prior to the accident. Dr. Richard Sleber conducted a vocational examination of Appellant and testified that he would lose approximately fourteen years of work-life as a result of his injuries.

At the conclusion of Appellant's case before the jury, Appellee made a motion for nonsuit, arguing that Appellant had not met his burden of proof

---

[1] Ms. Kramer was unavailable for trial; instead, counsel for Appellant and Appellee read portions of her deposition testimony into the record.

[2] Further, Mr. Rynearson did not testify at trial. Appellee was deposed but did not testify. For reasons unknown, his deposition testimony was not read into the record at trial.

that Appellee had breached a duty owed to Appellant.  Following argument, the trial court granted the nonsuit and directed a verdict in favor of Appellee. Appellant filed a motion for post-trial relief, which was denied following oral argument.

The judgment of nonsuit was entered on the docket, and Appellant timely appealed.  Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following questions for our review:

> 1. Did the trial court err in denying [Appellant's] motion for a new trial where [Appellant] established that the court's grant of a nonsuit against [Appellant] was in error?
>
> 2. Did the trial court err in denying [Appellant's] motion for a new trial where the trial court rejected [Appellant's] requests to produce demonstrative evidence (visual demonstration of an automobile and/or in the alternative photographs of an actor on the back of a similar year make and model motor vehicle as the one in the accident) to the jury which would have established [Appellant's] negligence in the operation of the vehicle?

Appellant's Brief at 3 (suggested answers omitted).

First, Appellant contends that he is entitled to a new trial because the trial court erred in granting Appellee's motion for nonsuit.  *See* Appellant's Brief at 15.  Appellant claims that he established that Appellee was negligent in the operation of a vehicle and, as a result of Appellee's negligence, Appellant suffered severe injuries.  *Id.*  Accordingly, the entry of nonsuit was not proper where the evidence established a right to relief.  *Id*.  Additionally, Appellant argues that because the trial court "considered" Appellee's "defense" during

- 3 -

cross examination, nonsuit was improper, where the issue of whether Appellee knew Appellant was on top of the vehicle is one for the jury to consider. *Id.* at 22-23.

Our standard of review regarding the entry of nonsuit is well settled:

A trial court may enter a compulsory nonsuit on any and all causes of action if, at the close of the plaintiff's case against all defendants on liability, the court finds that the plaintiff has failed to establish a right to relief. Absent such finding, the trial court shall deny the application for a nonsuit. On appeal, entry of a compulsory nonsuit is affirmed only if no liability exists based on the relevant facts and circumstances, with appellant receiving the benefit of every reasonable inference and resolving all evidentiary conflicts in [appellant's] favor. The compulsory nonsuit is otherwise properly removed and the matter remanded for a new trial. The appellate court must review the evidence to determine whether the trial court abused its discretion or made an error of law.

*Baird v. Smiley*, 169 A.3d 120, 124 (Pa. Super. 2017) (internal citations and quotations omitted).

Negligence is "the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." *See Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). To establish a claim for negligence, a plaintiff must show a legally recognized duty or obligation owed to him; a breach of that duty; a causal connection between the breach of duty and the resulting injury; and actual loss or damage suffered. *See Eckroth v. Pennsylvania Elec., Inc.*, 12 A.3d 422, 427 (Pa. Super. 2010). The "mere occurrence" of an injury does not prove negligence. *See Hamil v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978). Nor does a negligent act entail liability

- 4 -

unless the plaintiff can establish that the defendant breached a duty of care, and there was a causal connection between the conduct and the injury. ***Id.***

First, we must determine whether the evidence showed that Appellee owed a duty to Appellant. Giving Appellant the greatest latitude, it could be stated that by driving Appellant to Harrisburg, Appellee owed Appellant the ordinary care a reasonably prudent person would exercise in the same or similar circumstances, i.e., operating a motor vehicle. ***See***, ***e.g.***, ***Martin***, 711 A.2d at 461.

Second, we must determine whether a breach of that duty occurred. In arguing that the evidence established a breach of Appellee's duty of ordinary care, Appellant cites to Appellee's deposition testimony, which was not introduced at trial, and accordingly could not be considered by the trial court, jury, or on appeal. ***See*** Appellant's Brief at 17-19; ***see also*** Pa.R.C.P. 230.1(2) (the court in deciding the motion shall consider only evidence which was introduced by plaintiff). Here, the sole evidence introduced regarding the accident was that Ms. Kramer was a passenger in the car and that shortly after Appellee began to drive away from the parking lot, she realized Appellant was on the back of the car. She immediately asked Appellee to stop, and he did so. No testimony was given regarding why Appellant was on the back of the car, whether Appellee could have seen him, or how long Appellant was on the back of the car.

The evidence did not establish what happened prior to the accident, i.e., how Appellant came to be on the back of the car. The evidence did not

establish any details regarding the time or manner in which Appellee stopped the car after Appellant's presence was brought to his attention. As the trial court correctly noted, the sole evidence Appellant presented was not of "a breach of duty, only the results—unfortunate, serious injury to the Plaintiff—of an alleged breach." *See* TCO at 7.

Appellant attempts to attack this conclusion by implying that nonsuit was inappropriate because Appellee's cross examination somehow constituted "defense evidence." *See* Appellant's Brief at 22-23. As we noted, *supra*, Pa.R.C.P. 230.1 provides that the court will consider only evidence introduced by the plaintiff and any evidence favorable to the plaintiff introduced by the defendant prior to the close of the plaintiff's case. *See Baird*, 169 A.2d at 124; *see also* Pa.R.C.P. 230.1(a)(2). However, cross-examination is not evidence. Further, as the court noted,

> the hole in [Appellant's] presentation of evidence . . . would have remained even had defense counsel completely foregone cross-examination. In short, [Appellant] did not make out his case. Defense counsel's comments did not make that legal reality more or less so.

*See* TCO at 7-8.

Accordingly, the trial court's findings are supported by the record, and we discern no abuse of the trial court's discretion or error of law in entering nonsuit in Appellee's favor. *See Hamil*, 392 A.2d at 1284; *see also Baird*, 169 A.3d at 124.

Next, Appellant claims that he is entitled to a new trial because the court erred in rejecting his request to produce demonstrative evidence. *See*

Appellant's Brief at 23. Specifically, Appellant requested that the jury view an actor climbing onto a car similar to the one Appellee was driving "to demonstrate the falsity of [Appellee] and [Ms. Kramer's] testimonies that they did not have knowledge [Appellee] was on the vehicle before it took off." *Id.* at 24. Additionally, Appellant sought to produce photographs of an actor on the back of a vehicle to the jury. *Id.* at 24-25. Appellant was allowed to show the jury photographs of an exemplar vehicle.

With regard to the admission of evidence, our standard of review is well-settled.

> The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus our standard of review is very narrow . . . To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*McManamon v. Washko*, 906 A.2d 1259, 1268–69 (Pa. Super. 2006) (internal citations and quotations omitted).

With regard to demonstrative evidence,

> [a]s a general rule, demonstrative evidence is admissible if its probative value outweighs the likelihood of improperly influencing the jury. "[P]rejudice" does not mean "detrimental to a party's case" but rather "an undue tendency to suggest a decision on an improper basis." The problem presented by the use of experiments, however, is the danger of misleading the members of the jury who may attach exaggerated significance to the test results. As a result the courts have required that the conditions be sufficiently close to those involved in the accident at issue to make the probative value of the demonstration outweigh its prejudicial effect. This is especially important where the

- 7 -

demonstration is a physical representation of the event. Thus, the general rule regarding corroboration by experiments is that unless some other exclusionary rule is violated, the demonstration may be admitted into evidence when the circumstances under which the experiment was performed were sufficiently similar to the event in question to throw light on a material point in controversy and to assist the jury in arriving at the truth rather than to confuse the jury or prejudice the other party.

*Leonard by Meyers v. Nichols Homeshield, Inc.*, 557 A.2d 743, 745 (Pa. Super. 1989) (internal citations and quotations omitted). Further, demonstrative evidence "may be authenticated by testimony from a witness who has knowledge that a matter is what it is claimed to be." *See Kopytin v. Aschinger*, 947 A.2d 739, 747 (Pa. Super. 2008).

Here, no evidence was introduced to establish where Appellant was on the vehicle, when he had gotten onto the vehicle, or how he fell off of the vehicle. Appellant stated he could remember nothing. Ms. Kramer did not see Appellant until he knocked on the back of the window. Accordingly, any reenactment could be nothing except speculation and would accordingly possess a "danger of misleading the members of the jury." *See Leonard by Meyers*, 557 A.2d at 745. There would be, in short, no way to ensure that the conditions could be close to those in the accident. *Id.*

Accordingly, the trial court did not err or abuse its discretion in precluding the admission of a reenactment or photographs involving an actor. *McManamon*, 906 A.2d at 1268–69.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2018